UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ROCANO GENERAL CONSTRUCTION, INC., and
MAIN STREET AMERICA ASSURANCE
COMPANY,

                          Plaintiffs,

   -against-

U.S. UNDERWRITERS INSURANCE COMPANY,

                          Defendant.
_____

**AMENDED COMPLAINT**

Case No.: 1:22-CV-06293

Plaintiffs, ROCANO GENERAL CONSTRUCTION, INC., and MAIN STREET AMERICA ASSURANCE COMPANY, by and through their attorneys, Hurwitz Fine P.C., as and for their amended complaint against the Defendant, U.S. UNDERWRITERS INSURANCE COMPANY, allege, upon information and belief:

## PARTIES

1. Plaintiff, ROCANO GENERAL CONSTRUCTION, INC. ("Rocano"), was and still is a domestic business corporation, incorporated and having its principal place of business in the State of New York.

2. Plaintiff, MAIN STREET AMERICA ASSURANCE COMPANY ("Main Street"), was and still is a foreign insurance company, organized under the laws of and having its principal place of business in the State of Florida, and is authorized to issue insurance policies in the State of New York.

3. Defendant, U.S. UNDERWRITERS INSURANCE COMPANY ("Defendant"), was and still is a foreign insurance company, organized under the laws of the State of North Dakota, with its principal place of business in Wayne, Pennsylvania.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) in that it arises between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs, insofar as the value of the right being protected and/or the injury being averred exceeds said amount.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(a)(2) and (b)(2) because the incident giving rise to this insurance coverage dispute occurred in Kings County.

## UNDERLYING ACTION

6. This declaratory judgment action arises out of an incident involving a workplace injury and resulting lawsuit styled *HERIBERTO RODRIGUEZ ISLAS v. ROCANO GENERAL CONSTRUCTION, INC., FOLOR INC., and EVANGELICAL CRUSADE OF FISHERS OF MEN CORP.*, bearing Index No. 507201/2021, pending in New York State Supreme Court, County of Kings (the "Underlying Action").

7. The Underlying Action asserts negligence and labor law claims resulting from an injury suffered by the Claimant, Heriberto Rodriguez Islas ("Claimant"), while in the course and scope of his employment with Full Taping Construction Corp. ("Full Taping").

8. The Underlying Action further alleges that Full Taping, the Claimant's employer, was a subcontractor of Rocano.

9. After the Underlying Action was initiated, Rocano commenced a third-party action against Full Taping, asserting claims for contractual and common law indemnification and contribution (the "Third-Party Complaint").

## INSURANCE POLICIES AND TRADE CONTRACTS

10. With respect to the work being performed relative to the Underlying Incident, Full Taping and Rocano entered into a trade contract, which required Full Taping to indemnify, defend, and hold harmless Rocano (the "Subcontract"). The Subcontract required Full Taping to procure commercial general liability insurance on both primary and excess policies, and to name Rocano as an additional insured therein. The Subcontract required the respective minimum coverage limits to be $1,000,000 in primary coverage and $5,000,000 in umbrella or excess coverage.

11. Full Taping was insured under a policy of commercial general liability insurance with Defendant, bearing Policy No. CL 3576585, effective dates December 3, 2018 to December 3, 2019 (the "U.S. Underwriters Policy"), and limits of $1,000,000 per occurrence and $2,000,000 in the aggregate. The U.S. Underwriters Policy is primary over any other collectible insurance.

12. The U.S. Underwriters Policy contains **Form L 723 02/09**, which amends the term "Insured" to include:

> Any person(s) or organization(s) who you are required to add as an additional insured under written contract(s), written permit(s) or written agreement(s), that requires such person(s), or organization(s) to be added as an additional insured on your policy.

13. Meanwhile, Rocano was insured under a commercial general liability insurance policy issued by Main Street.

## TENDERS AND DENIAL

14. Following the commencement of the Underlying Action, Rocano, through its insurance carrier, Main Street, by letter dated October 5, 2020, tendered its defense and indemnification to Defendant ("First Tender"), on the basis of the provisions of the Subcontract.

15. By letter dated November 2, 2020, Defendant attempted to disclaim coverage as to Rocano, among other parties not relevant to this action, for the Underlying Action ("First Denial").

16. In its First Denial, Defendant recognized that Rocano was to be added as an additional insured pursuant to the terms of the Subcontract.

17. In its First Denial, Defendant further recognized that Rocano, by reason of the terms of the Subcontract, was eligible for coverage as an additional insured under the terms of Form L 723 02/09 of the U.S. Underwriters Policy.

18. However, Defendant denied coverage to Rocano under Form L – 500 – Bodily Injury Exclusion, which it argued eliminated coverage for bodily injury to any employee of any additional insured or any claim for contribution or indemnity against an insured or additional insured arising from such bodily injury.

19. Notably, the First Denial was addressed only to Main Street, as well as Travelers Insurance Company, a party not relevant to the instant action. The First Denial was not addressed to Rocano.

20. On May 7, 2021, Rocano, through Main Street, again tendered its defense and indemnification to Defendant, requesting that it reconsider its coverage position ("Second Tender").

21. In response to the Second Tender, by letter dated July 1, 2021, Defendant renewed the coverage position taken in its Fist Denial, and again failed to copy Rocano ("Second Denial").

22. As a result of Defendant's continued refusal to defend Rocano in the Underlying Action, Main Street has been providing Rocano with such a defense at its own expense.

## AS AND FOR A FIRST CAUSE OF ACTION

23. Plaintiffs repeat, reiterate, and reallege the allegations contained in paragraphs "1" through "22" as if more fully set forth herein.

24. Rocano, by Defendant's own admission, was an additional insured under the U.S. Underwriters Policy pursuant to the terms of the Subcontract, taken together with the expanded definition of the term "insured" in Form L 723 02/09 of the U.S. Underwriters Policy.

25. In its First Denial, Defendant failed to send a copy of the letter purporting to deny coverage directly to Rocano.

26. New York Insurance Law § 3420(d)(2) requires a liability insurance carrier to give notice of its disclaimer as soon as reasonably possible. Specifically, the disclaiming party is required to send this notice " . . . to the insured, the injured party, or any other claimant."

27. This provision of the New York Insurance Law has been interpreted to require the disclaiming party to send its notice of disclaimer to any additional insureds who seek coverage under the relevant policy.

28. Since Defendant failed to send a copy of its First Denial to Rocano, an additional insured under the U.S. Underwriters policy, Defendant has failed to comply with the requirements of the New York Insurance Law.

29. Accordingly, Plaintiffs are entitled to a declaration that Defendant is now precluded from contesting its liability to Rocano under the U.S. Underwriters Policy, and must therefore defend and indemnify Plaintiff Rocano in the Underlying Action on a primary and non-contributory basis.

**AS AND FOR A SECOND CAUSE OF ACTION**

30. Plaintiffs repeat, reiterate, and reallege the allegations contained in paragraphs "1" through "29" as if more fully set forth herein.

31. As set forth above, Rocano, by Defendant's own admission, was an additional insured under the U.S. Underwriters Policy pursuant to the terms of the Subcontract, taken together

with the expanded definition of the term "insured" in Form L 723 02/09 of the U.S. Underwriters Policy.

33. In its Second Denial, Defendant again failed to send a copy of the letter purporting to deny coverage directly to Rocano.

33. As stated above, New York Insurance Law § 3420(d)(2) requires a liability insurance carrier to give notice as soon as reasonably possible of its disclaimer of liability or denial of coverage. Specifically, the disclaiming party is required " . . . to send this notice to the insured, the injured party, or any other claimant."

34. This provision of the New York Insurance Law has been interpreted to require the disclaiming party to send its notice of disclaimer to any additional insureds who seek coverage under the relevant policy.

35. Since Defendant failed to send a copy of its Second Denial to Rocano, an additional insured under the U.S. Underwriters policy, Defendant has failed to comply with the requirements of the New York Insurance Law.

36. Accordingly, Plaintiffs are entitled to a declaration that Defendant is now precluded from contesting its liability to Rocano under the U.S. Underwriters Policy, and must therefore defend and indemnify Plaintiff Rocano in the Underlying Action on a primary and non-contributory basis.

## AS AND FOR A THIRD CAUSE OF ACTION

37. Plaintiffs repeat, reiterate, and reallege the allegations contained in paragraphs "1" through "36" as if more fully set forth herein.

38. By reason of its breach of the requirements of New York Insurance Law § 3420(d)(2), Defendant is now required to defend and indemnify Plaintiff Rocano in the Underlying Action.

39. To date, Rocano's own insurer, Plaintiff Main Street, has provided Rocano with a defense in the Underlying Action.

40. Plaintiff Main Street is therefore entitled to a declaration that Defendant is liable for the costs, expenses, and fees incurred thus far in connection with the defense it has provided to Rocano in the Underlying Action.

**WHEREFORE**, plaintiffs, ROCANO GENERAL CONSTRUCTION CORP., and MAIN STREET AMERICA ASSURANCE COMPANY, respectfully request judgment:

(1) Declaring and Adjudging that Defendant, U.S. UNDERWRITERS INSURANCE COMPANY's First Denial was untimely under New York Insurance Law;

(2) Declaring and Adjudging that Defendant, U.S. UNDERWRITERS INSURANCE COMPANY's Second Denial was untimely under New York Insurance Law;

(3) Declaring and Adjudging that, Defendant, U.S. UNDERWRITERS INSURANCE COMPANY must defend and indemnify Plaintiff, ROCANO GENERAL CONSTRUCTION, INC., in the Underlying Action styled *HERIBERTO RODRIGUEZ ISLAS v. ROCANO GENERAL CONSTRUCTION, INC., FOLOR INC., and EVANGELICAL CRUSADE OF FISHERS OF MEN CORP.*, bearing Index No. 507201/2021, pending in New York State Supreme Court, County of Kings, on a primary and non-contributory basis;

(4) Declaring and Adjudging that, by reason of its improper denial of a defense and indemnification of Plaintiff Rocano in the Underlying Action, Defendant, U.S. UNDERWRITERS INSURANCE COMPANY, must reimburse Plaintiff, MAIN STREET

AMERICA ASSURANCE COMPANY, for the costs, fees, and other expenses it has incurred thus far in providing a defense to its insured in the Underlying Action; and

(5) For such other and further relief as may be deemed just, equitable, and proper, together with the costs and disbursements of this action.

DATED:   Buffalo, New York
         January 6, 2023

**HURWITZ FINE P.C.**

*/s/ Dan D. Kohane*

Dan D. Kohane, Esq.
*Attorneys for Plaintiffs,*
*ROCANO GENERAL CONSTRUCTION*
*CORP. and MAIN STREET AMERICA*
*ASSURANCE COMPANY*
The Liberty Building
424 Main Street, Suite 1300
Buffalo, New York 14202
(716) 849-8900
ddk@hurwitzfine.com