UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ROCANO GENERAL CONSTRUCTION, INC., and :
MAIN STREET AMERICA ASSURANCE              :
COMPANY,                                             :          MEMORANDUM AND
                                                             :          ORDER
                                      Plaintiffs,      :
                                                             :          No. 22-CV-06293-PKC-JRC
        -against-                                     :
                                                             :
U.S. UNDERWRITERS INSURANCE COMPANY,  :
                                                             :
                                      Defendant.    :
------------------------------------------------------------------ :
U.S. UNDERWRITERS INSURANCE COMPANY,  :
                                                             :
                           Third-Party Plaintiff,  :
                                                             :
        -against-                                     :
                                                             :
FULL TAPING CONSTRUCTION CORP.,            :
                                                             :
                           Third-Party Defendant.  :
------------------------------------------------------------------- x
JAMES R. CHO, United States Magistrate Judge:

**Introduction**

In this insurance coverage dispute, Rocano General Construction Inc. ("Rocano") and its

insurer, Main Street America Assurance Company ("Main Street," and together with Rocano,

"Plaintiffs") brought suit against U.S. Underwriters Insurance Company ("U.S. Underwriters" or

"Defendant") seeking a declaratory judgment as to U.S. Underwriters' coverage obligations in an

underlying state-court action.  *See* Amended Complaint ("Am. Compl."), Dkt. 8.  Folor, Inc.

("Folor") moves to intervene as a plaintiff.  *See* Motion to Intervene ("Mot."), Dkt. 19.  U.S.

Underwriters opposes Folor's intervention.  *See* Opposition to Motion to Intervene ("Opp."),

Dkt. 22.  For the reasons set forth below, the Court denies Folor's request to intervene as of right

but, in its discretion, grants Folor's request for permissive intervention.

**Background**

This declaratory judgment action stems from a personal injury case currently pending in New York State Supreme Court, styled *Heriberto Rodriguez Islas v. Rocano General Construction, Inc., Folor Inc., and Evangelical Crusade of Fishers of Men Corp.*, Index No. 507201/2021 (the "Underlying Action"). Am. Compl. ¶ 6. The plaintiff in the state court action, Herbierto Rodriguez Islas, alleges he was injured while working on a construction project (the "Project") in the course of his employment with Full Taping Construction Corp. ("Full Taping"). *Id.* ¶ 7. Folor was the general contractor on the Project, and Folor hired Rocano as a subcontractor. Mot. at ECF page 4, Dkt. 19;[1] *see also* Ex. A to Mot., Folor/Rocano Subcontract, Dkt. 19-1. In turn, Rocano hired Full Taping as a sub-subcontractor to assist with work on the Project. Am. Compl. ¶ 8; *see also* Ex. B to Mot., Rocano/Full Taping Subcontract, Dkt. 19-2. The Underlying Action asserts claims of negligence and violations of labor laws against Rocano, Folor, and the owner of the premises where the alleged injury occurred. Am. Compl. ¶¶ 6, 7.

Prior to the alleged incident, Full Taping and Rocano had entered into a trade contract that required Full Taping to indemnify, defend, and hold harmless Rocano with respect to the work performed on the Project (the "Rocano/Full Taping Subcontract"). *Id.* ¶ 10. The Rocano/Full Taping Subcontract contains a provision that required Full Taping to procure commercial general liability insurance and to name Rocano as an additional insured therein. *Id.* At the time of the alleged injury, Full Taping was insured under a commercial general liability insurance policy with U.S. Underwriters (the "Policy"). *Id.* ¶ 11. After the Underlying Action began, Rocano filed a third-party complaint against Full Taping seeking indemnification and

---

[1] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

contribution.  *Id.* ¶ 9.  Meanwhile, Rocano was insured under a commercial general liability insurance policy issued by Main Street.  *Id.* ¶ 13.

Following the commencement of the Underlying Action, Main Street, on behalf of Rocano, tendered the defense and indemnification to U.S. Underwriters based on the additional insured provisions in the Rocano/Full Taping Subcontract.  *Id.* ¶ 14.  In response, U.S. Underwriters denied it had any coverage obligation, citing an exclusion in the Policy.  *Id.* ¶¶ 18, 21.  Main Street continues to defend Rocano in the Underlying Action.  *Id.* ¶ 22.

On January 6, 2023, Rocano and Main Street filed their amended complaint in this Court against U.S. Underwriters.  *See* Am. Compl., Dkt. 8.  Plaintiffs argue that U.S. Underwriters' attempts to disclaim coverage failed to comply with the requirements of New York Insurance Law § 3420(d)(2), and, therefore, they seek a declaratory judgment that U.S. Underwriters is estopped from disclaiming coverage to Rocano with respect to the Underlying Action.  *See* Am. Compl. ¶¶ 23-40.  On March 3, 2023, U.S. Underwriters filed a third-party complaint against Full Taping seeking its own declaratory judgment that the claims in the Underlying Action are not covered under the Policy.  *See* Dkt. 12.  Full Taping has yet to appear, and U.S. Underwriters subsequently moved for a default judgment.  *See* Dkt. 28.

On June 20, 2023, Folor moved to intervene in the above-captioned action.  *See* Mot., Dkt. 19.  In its motion, Folor claims that the terms of the Rocano/Full Taping Subcontract required Full Taping to procure an insurance policy and name Folor, as the general contractor on the Project, as an additional insured as well.  *Id.* at ECF page 4.  In response to tender letters sent on behalf of Folor, U.S. Underwriters disclaimed any obligation to defend or indemnify Folor. *Id.* at ECF page 7.  Therefore, Folor argues, a declaration that U.S. Underwriters failed to comply with § 3420(d)(2) would apply with equal force to Folor, and, accordingly, Folor is entitled to or

should be permitted to intervene.  *See id.*  U.S. Underwriters opposes Folor's motion, arguing

that, under a 12(b)(6) standard, Folor's intervention would be futile because the Rocano/Full

Taping Subcontract contains no language agreeing to add Folor as an additional insured.  *See*

Opp. at ECF pages 10-13.

On September 12, 2023, the parties and Folor appeared for a conference, during which

the undersigned heard argument on Folor's motion and directed the parties to proceed with

discovery.  *See* Minute Entry dated 9/12/2023.  On December 4, 2023, U.S. Underwriters served

a Rule 45 subpoena on Folor, which Folor subsequently moved to quash.  *See* Dkt. 34.  On

January 2, 2024, Folor initiated a separate declaratory judgment action in this Court.  *See Folor,*

*Inc. v. U.S. Underwriters Liability Insurance Company*, No. 24-CV-00016-NCM-JRC.  Folor has

represented to the Court that, should it prevail on its motion to intervene, it will voluntarily

dismiss the parallel declaratory judgment proceeding.  *See* Reply in Support of Mot. to Quash,

Dkt. 36, at ECF page 4.

## Discussion

### I.      Legal Standard

"In considering a motion to intervene, the court must accept as true non-conclusory

allegations of the motion."  *Berroyer v. United States*, 282 F.R.D. 299, 303 (E.D.N.Y. 2012)

(citing *Oneida Indian Nation of Wisc. v. New York*, 732 F.2d 261, 265 (2d Cir. 1984)).  Rule

24(a) mandates that a court must the court must permit anyone to intervene who "claims an

interest relating to the property or transaction that is the subject of the action, and is so situated

that disposing of the action may as a practical matter impair or impede the movant's ability to

protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P.

24(a)(2).  Courts consider whether the movant:  (1) files a timely application; (2) asserts an

interest relating to the property or transaction which is the subject of the action; (3) is so situated

that the disposition of the action, may as a practical matter impair or impede its ability to protect

the interest; and (4) has an interest that is not adequately represented by the existing parties to the

suit.  *See Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d

871, 874 (2d Cir. 1984).

Rule 24(b) governs permissive intervention and provides that intervention is appropriate

when a proposed intervenor's claim or defense shares a "common question of law or fact" with

the main action.  Fed. R. Civ. P. 24(b)(1)(B).  The district court's discretion to permit

intervention is broad.  *See Sackman v. Liggett Grp., Inc.*, 167 F.R.D. 6, 22 (E.D.N.Y. 1996).

Courts typically consider the same four factors to determine permissive intervention as they

would for mandatory intervention.  *See Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54, 57

(S.D.N.Y. 2013) (citing *R Best Produce, Inc. v. Shulman-Rabin Marketing Corp.*, 467 F.3d 238,

240 (2d Cir. 2006)).  However, "[t]he principal guide in deciding whether to grant permissive

intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the

rights of the original parties.'"  *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994)

(quoting Fed. R. Civ. P. 24(b)(3)).

## II.    Analysis

As an initial matter, U.S. Underwriters opposes Folor's motion on the ground that Folor's

claims would be futile because "[t]here is no language in the Rocano/Full Taping Subcontract by

which Full Taping agreed in writing to add Folor as an additional insured under the Policy."

Opp. at ECF page 13.  U.S. Underwriters, however, disregards the Rule 24 factors and rather, in

essence, asks the Court to decide a substantive issue of contract interpretation—*i.e.*, whether the

additional insured provision in the Rocano/Full Taping subcontract was intended to cover Folor

as the general contractor on the Project.[2]  An "application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention."  *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001).  Regardless, where, as here, "the language of a contract is ambiguous, its construction presents a question of fact [and would] preclude[] summary dismissal on a Rule 12(b)(6) motion."  *Oppenheimer & Co. v. Trans Energy, Inc.*, 946 F. Supp. 2d 343, 349 (S.D.N.Y. 2013).  Accordingly, U.S. Underwriters' arguments in opposition are not appropriate at this stage.

Turning to the first of the four factors governing intervention, Folor's motion to intervene is timely.  In making this determination, courts may consider "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness."  *In re Bank of New York Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003) (quoting *Pitney Bowes*, 25 F.3d at 70).  Here, Plaintiffs' Amended Complaint was filed on January 6, 2023, and Folor filed its motion on June 20, 2023.  "[C]ourts have found motions to intervene timely where, as here, these motions were brought a 'few months' after the claims."  *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 89 (S.D.N.Y. 2018) (collecting cases).  More important, this case is still in the fact discovery stage, and Folor's intervention would not significantly delay the case.  Thus, the Court does not find Folor's motion untimely.

---

[2] Notably, U.S. Underwriters served a Rule 45 subpoena on Folor in the present action.  In seeking this discovery, U.S. Underwriters argues that it is "entitled to pursue discovery" regarding "whether the indemnification and insurance provisions of the Rocano/Full Taping subcontract were intended to apply to Folor."  Opp. to Mot. to Quash, Dkt. 35 at ECF page 5.  In other words, U.S. Underwriters seeks third-party discovery as to the very issue it claims is facially futile and argues that such information is relevant to the present declaratory judgment action.  *See* Opp. to Mot. to Intervene.

Next, to intervene as of right, a proposed intervenor must have an interest that is "direct,

substantial, and legally protectable." *See Bridgeport Guardians v. Delmonte*, 602 F.3d 469, 473

(2d Cir. 2010). "An interest that is remote from the subject matter of the proceeding, or that is

contingent upon the occurrence of a sequence of events before it becomes colorable, will not

satisfy the rule." *Brennan*, 260 F.3d at 129 (citation and internal quotation marks omitted).

Instead, the interest "must be significantly protectable such that it will be directly and

immediately affected by the litigation." *Werbungs Und Commerz Union Austalt v. Collectors'*

*Guild, Ltd.*, 782 F. Supp. 870, 874 (S.D.N.Y. 1991) (citing *Restor–A–Dent*, 725 F.2d at 874).

As the general contractor of the Project, Folor is a defendant in the underlying state-court

litigation from which this declaratory judgment action originates. Folor has an interest in this

action because the outcome may impact its right to coverage from U.S. Underwriters in the

Underlying Action. Here, plaintiffs Rocano and Main Street seek a declaratory judgment as to

whether U.S. Underwriters is precluded from contesting its liability to Rocano in the Underlying

Action because it failed to timely disclaim coverage directly to any additional insureds, as

required under New York Insurance Law § 3420(d)(2). Am. Compl. ¶¶ 29, 36. However,

whether the outcome of this declaratory judgment action will directly impact Folor depends on a

finding that Folor is indeed an additional insured pursuant to the Rocano/Full Taping

subcontract. Thus, Folor's interest is contingent on resolving an alleged ambiguity in the

contract terms.[3]

Folor has nonetheless stated a significantly protectable interest in the outcome of this

declaratory judgment action. Folor's interest in this case, despite introducing an additional legal

---

[3] In contrast, U.S. Underwriters concedes that "Full Taping entered into a contract with Rocano
pursuant to which Full Taping agreed to add Rocano as an additional insured under the [Policy]."
Opp. at ECF page 6.

issue, is not excessively remote or contingent.  Folor's intervention would not "radically alter"

the scope of the present declaratory judgment action.  *Washington Elec. Co-op., Inc. v.*

*Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) (upholding denial of

intervention where proposed intervenor would transform case from a simple two-party contract

dispute to one adjudicating the rights of six other signatories).  This action is already complex

and involves multiple parties, many of whom overlap with the underlying state court action.

And although courts in this Circuit reject motions to intervene if the proposed intervenor's right

depends on a double-contingency, *see Restor-A-Dent*, 725 F.2d at 875, Folor's interest in the

declaratory judgment depends on only one contingency: a finding that it is an additional insured,

*see Olin*, 325 F.R.D. at 89 (granting request where intervenor's interest depended on only one

separate finding of liability).

Having stated a significantly protectable interest, the Court must also consider whether

that interest would be impaired or impeded by the disposition of the present action.  Folor argues

that if Rocano is found to be an insured under the Policy, then the underlying case may proceed

to trial or mediation with Rocano as the only declared insured, and Folor would be unable to

access any proceeds paid on behalf of Rocano.  *See* Mot. at ECF page 12.  But Rocano is not

seeking a declaration that it is the *only* insured.  Instead, the requested relief would declare that

U.S. Underwriters was required to provide notice of its disclaimer directly to Rocano as an

additional insured.  *See* Am. Compl. ¶¶ 23-36.  As a practical matter, a judgment in favor of

Rocano alone does not impede Folor's ability to access coverage because Folor has filed a

parallel declaratory judgment action in this Court, *see Folor, Inc. v. U.S. Underwriters Liability*

*Insurance Company*, No. 24-CV-00016-NCM-JRC, in which it can assert its right to coverage as

well as adjudicate its status as an additional insured.  Thus, Folor fails to persuade the Court that

it is entitled to intervention as of right.

Although not entitled to intervention as of right, Folor should be permitted to intervene pursuant to the Court's discretion under Rule 24(b).  Intervention in this case is economical and would not prejudice the current parties.  As discussed above, Folor has filed a separate declaratory judgment action in this Court.  Folor's intervention in this case would allow the Court to address a single core issue—whether U.S. Underwriters properly disclaimed coverage to any potential additional insureds—in a single proceeding.  Further, U.S. Underwriters has served Folor with non-party discovery requests, which Folor has moved to quash. *See* Dkts. 34-38.  The fact that Folor is already implicated in this case's discovery process indicates that permitting Folor to intervene will not unduly delay this case or prejudice the parties.  Instead, Folor's intervention will likely streamline resolution of ongoing or forthcoming discovery disputes.

### Conclusion

For the foregoing reasons, the Court grants in part Folor's motion and permits Folor to intervene in the above-captioned action.  By **February 14, 2024**, Folor shall file its complaint.

**SO ORDERED**

Dated: Brooklyn, New York
        February 7, 2024

                                    s/ James R. Cho
                                    James R. Cho
                                    United States Magistrate Judge

9